(No. 16687.—Order reversed.)
In the matter of the Wakonda Drainage and Levee District.—(GEORGE S. BETTS *et al.* Appellees, *vs.* THE EDWARD GILLEN DOCK, DREDGE AND CONSTRUCTION COMPANY, Appellant.)

*Opinion filed October 28, 1925.*

DRAINAGE—*when the court should allow motion of construction company to be dismissed from proceeding for change in district.* Where a drainage and levee district has contracted for the construction of ditches and levees as planned in the original petition for organization but the State and Federal departments of government require certain changes amounting to an entirely new system of drainage, a petition for a change of boundaries and a new assessment, but which does not seek to set aside the contract with the construction company, cannot affect the validity of such contract, and the company's motion to be dismissed from the case should be allowed.

APPEAL from the County Court of Fulton county; the Hon. J. D. BRECKENRIDGE, Judge, presiding.

T. E. BOTTENBERG, and B. O. WILLARD, for appellant.

LYMAN LACEY, JR., (GLENN RATCLIFF, of counsel,) for appellees.

Mr. JUSTICE STONE delivered the opinion of the court:
This is an appeal from the order of the county court dismissing the petition of the commissioners of the Wakonda Drainage and Levee District for change of plans of work in the district and for levying an additional special assessment against the lands therein.

The Wakonda Drainage and Levee District was organized by the county court of Fulton county in June, 1919. In 1922 a special assessment was levied against the lands in the amount of $385,682.48. In June, 1924, the commis-

318—16

sioners filed their original petition in the county court, setting forth that in June, 1922, they had let a contract for construction of the levees and open ditches to the Edward Gillen Dock, Dredge and Construction Company, a corporation, appellant here, and that it sub-let certain portions of the work to the Sternberg Dredging Company. The petition further alleged that subsequent to the letting of the contract the Department of Public Works and Buildings of the State of Illinois, (division of waterways,) and the War Department of the United States, required numerous changes to be made in the location of the levee along the river; that the nature of the changes was such as to require an entire new set of plans and specifications and to require a change in size and location of all the levees and ditches, amounting to an entirely new system of drainage. The petition asked that the plans be vacated and the contract with appellant be canceled. Appellant demurred to the petition on the ground, among others, that the court had no power to cancel its contract with the district, and the demurrer was sustained. On leave given, the commissioners filed an amended petition on November 28, 1924. The amended petition, after reciting the organization of the district, the making of the first special assessment referred to, and the contract with appellant, avers that after the letting of the contract, and during the pendency of the sale of the bonds issued to pay for the work under the contract, the Department of Public Works of the State, claiming to have jurisdiction over the plans and specifications and method of doing the work, and the War Department of the Federal government also claiming to have jurisdiction over such work, notified the commissioners that they were without authority to construct any work or negotiate the sale of any bonds until such time as the plans and specifications of the district had been submitted to and approved by them. The amended petition further avers that the petitioners disputed the jurisdiction of the State and Federal

departments and attempted to proceed with the sale of the bonds, whereupon the Department of Public Works communicated with the bond brokers and notified them that the department had jurisdiction over the district; that its plans had not been approved, and that the district had no authority to issue bonds or make the improvement until such plans had been approved; that such threats caused the bond brokers to refuse to proceed with the purchase or sale of the bonds until the plans for the work of the district had been approved by the State department; that the Department of Public Works notified the petitioners not to allow the contractors to proceed with the work, and threatened that if they did so proceed without approval by the department of the plans it would bring suit to stop the work. The petition also sets out that the petitioners, after ascertaining from the Department of Public Works and from the War Department the exact nature of the change or changes in the plans which were necessary to be made to secure the approval of such departments, caused their engineers to go over the entire district and to report to the petitioners the amount of work necessary to comply with the directions of the departments of government; that the report of the engineers on this subject is. presented as the report of the petitioners and made a part of the amended petition filed in the case; that in order to comply with the requirements of the Federal and State governments a second special assessment in the sum of $105,836.16 is necessary. The petition states that it is the judgment of the petitioners that it is necessary that the changes proposed be made in order to accomplish the reclamation of the lands of the district. These changes are set out in detail. The petitioners further state that in their judgment it is necessary that a second special assessment be levied in the sum of $105,836.16, and that the first special assessment upon lands which by the change of the plans will be outside of the district or taken for right of way should be abated and

set aside. The petition also avers that it is the judgment of the petitioners that the proposed changes do not materially affect the general nature and character of the work and do not decrease the general efficiency of the same. It is also stated in the petition that the petitioners are informed and believe that the larger portion of the land owners in the district who own the larger portion of the lands are of the opinion that the cost and expense of doing the work in the district will be largely in excess of the benefits to be derived by the construction of the work, and that the Edward Gillen Dock, Dredge and Construction Company, and its sub-contractor, the Sternberg Dredging Company, are refusing to cancel their contracts unless they are paid an extravagant and unreasonable sum and are insisting that the petitioners proceed with the work under the contract. The prayer of the petition is that the court on final hearing enter an order making the proposed work according to the amended plans and specifications a part of the drainage system as fully as though it had been a part of the original work planned; that the first assessment theretofore made against lands which will by the new plans be outside the district or used for right of way be abated; that the petitioners be ordered to proceed to make a special assessment in the sum set out in the petition, and that they be directed to sell the bonds and proceed with the construction of the work according to the amended plans. The petition also contains a statement that the petitioners believe that the assessment therein petitioned for will be wholly in excess of the benefits to be derived; that the lands in the district, if now offered for sale for the purpose of enforcing payment of the installments of the first special assessment, would not bring enough to pay such first assessment.

After the amended petition was filed appellant filed a motion to be dismissed out of the case and to dismiss the petition against it for the reason that the proceeding is a special statutory one, and under the statute the petitioners

had no right to make appellant a party defendant to the proceeding. Appellant also filed a demurrer to the amended petition on the grounds that appellant is not a proper or necessary party thereto; that the petition fails to aver facts which show that the State or Federal government could require plans to be sbumitted and approved by it before the work is begun; that neither the State nor Federal department has any constitutional right to interfere with the district or destroy it; also, that it appears from the petition that the plans cannot be changed without working a destruction of the district, and that it will not be for the best interest of the district to change the same.

Various property owners in the district filed objections to the petition, in which they aver that before a valid contract could be entered into between the district and appellant the approval of the Department of Public Works and Buildings of the State of Illinois and the War Department of the United States must be secured to the plans and specifications of the work proposed to be done, and that such approval was not secured, and the contract with the appellant was therefore void. The objectors further aver that the plans and specifications required by the departments of the State and Federal governments are of such a character and the cost of the improvement will be so great that it cannot be built without a special assessment far in excess of any benefits which the lands of the district will derive; that since the making of the first assessment the market value of lands in the district has greatly decreased while the cost of work of that character has increased, and that to order the work done and a new assessment levied against the lands of the district would make the total assessment at least $100 per acre more than the lands could be sold for when the improvement is completed. The objectors asked that on hearing the petition an order be entered finding that the aggregate amount of benefits to the lands will not equal the cost of construction of the proposed work.

The motion of the appellant to be dismissed out of the case was denied and its demurrer to the petition overruled. Appellant prayed an appeal from the order of denial to this court, which was allowed upon its filing a bond in the sum of $500, and the cause proceeded to a hearing on the petition of the commissioners and the answer of various objecting land owners. The court, on hearing, found that the district was duly organized; that the commissioners had advertised the work in the district and let the contract upon bids to appellant, and that appellant sub-let portions of it to the Sternberg Dredging Company; that bonds were issued and sought to be sold; that the Department of Public Works of the State and the War Department of the United States served notice on the petitioners that they could not proceed until the plans were approved by the departments, and that the department of the State stopped the sale of bonds and notified the district not to proceed with any of the work until approval of the plans. The court also found that no part of the work of the district has been constructed, and that it cannot be constructed until the plans and specifications are changed to meet the requirements of the State and Federal departments referred to; that in order to meet these changes in the plans and specifications an additional special assessment aggregating $105,836.16, as shown by the engineer's report, would be necessary in addition to the sum already levied as first assessment in the district; that the costs and expenses of doing the work in accordance with the changed plans is in excess of the benefits which will be derived from the construction thereof, and that the second special assessment proposed cannot be levied for benefits on the lands of the district. The court denied the prayer of the amended petition for change of plans and the levy of a special assessment and dismissed the petition for the reasons stated in the findings.

The petition herein appears to have been filed under authority of sections 37 and 44a of the Drainage act. The former of these sections provides that when it shall appear, from time to time, that a previous assessment or assessments have been expended or are inadequate to complete the work or that additional work is necessary, or other situations specified in the act show the necessity for further assessments, the court, upon petition of the commissioners, together with their report of accounts under oath showing the manner in which they have expended the money, and the plans and profiles of the additional work and estimate of cost, may, upon hearing, cause a new assessment to be made in like manner, as near as may be, as in the case of the original assessment. (Smith's Stat. 1923, p. 764.)   Section 44a provides that whenever the commissioners of a district shall be of the opinion that it be for the best interest of the district that a change or changes be made in the method of construction of the work, or any part thereof, they may file their petition in the county court setting forth the nature of the proposed change or changes, together with an estimate of the additional expense or decrease in expense by such change or changes.   Upon the petition being filed the court shall set the same for hearing, and notice shall be given as required in section 3 of the act.   The court, if upon hearing it finds that the proposed change or changes do or do not materially affect the general nature and character of the proposed work of the district and do not decrease the general efficiency of it, shall enter an order to that effect and make a finding as to the amount necessary for an additional assessment against the land or order the same to be paid out of the general funds of the district.   It is also provided in that section that the court may, on a hearing of the petition, make such other or further order in the premises as circumstances may require in order to do justice to the petitioners and land owners and persons in the district.   (Smith's Stat. 1923, p. 766.)   The notice re-

quired to be given by section 3 of the act is a notice to all persons interested.

Appellant contends that it should have been dismissed out of the case on its motion because the amended petition did not seek to set aside its contract with the district nor any other relief as to appellant. This contention must be sustained. While appellant appeared and submitted itself to the jurisdiction of the court on the filing of the original petition attacking its contract, it demurred to that petition on that ground and its demurrer was sustained. The amended petition did not seek to set aside appellant's contract, and it was therefore no longer an interested party in the proceeding. The subject matter of the amended petition was the change of boundaries of the district and the levying of a new assessment. This could not be said to be an attack on appellant or its rights under its contract. If it had a valid contract, the action of the court in changing the boundaries of the district could not affect that contract. Whether the commissioners had or did not have authority to contract with appellant without the approval of the district's plans and specifications by the Federal and State governments was not put in issue in the proceeding. Therefore, the question whether the contract was valid or void was not, under the amended petition, attempted to be litigated. Appellant was not, therefore, a party in interest to anything sought by the petition to be done, and the county court should have allowed its motion to be dismissed out of the case. The court specifically held that it was not passing on the validity of appellant's contract with the commissioners. The order and findings of fact entered by the court, while proper and binding so far as the commissioners and the objectors are concerned, are not binding in this proceeding on appellant. When it seeks to enforce its contract with the commissioners, if it should attempt to do so, the question of the authority of the commissioners to enter into the contract, and other questions affecting the validity of that contract,

will then be open for litigation. The order of the county court denying appellant's motion to be dismissed out of the case will be reversed and an order of such dismissal entered here.

Appellant being dismissed out of the case, no other assignments of error appear on the record attacking the validity of the judgment and order of the county court.

The order refusing dismissal of appellant will be reversed.

*Order reversed.*